UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80031-CIV-MARRA/JOHNSON

DAVID DOCKERY, SR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
and KENNETH L. RYSKAMP,
U.S. District Judge for the Southern
District of Florida,

    Defendants.
_____/

## ORDER DISMISSING CASE

THIS CAUSE is before the Court *sua sponte*.

On January 15, 2008, Plaintiff David Dockery, Sr., filed his "Tort Complaint" against the United States of American and Federal District Judge Kenneth L. Ryskamp under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq*. Plaintiff alleges that he is now incarcerated in a federal prison. (Compl. ¶ 3.) Plaintiff further alleges that Judge Ryskamp "has committed negligent or wrongful acts or omission [sic] for not abiding by the law" when sentencing Plaintiff in a criminal case, No. 94-CR-08035. (Compl. ¶ 1.) The Court has reviewed the Complaint and is otherwise fully advised in the premises.

According to 28 U.S.C. § 1915A(a), the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is further instructed to "dismiss the complaint, or any portion of

1

the complaint," if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(b)(1)-(2). Finally, § 1915A defines a "prisoner" as any incarcerated person. 28 U.S.C. § 1915A(c). In reviewing claims under § 1915A, the Court applies the same standards as it would apply to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). Further, a claim is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The Supreme Court has long recognized that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or

useful." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871).

The essential inquiry in determining whether a judge is immune from suit is "whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Judicial immunity applies when the judge was acting in his judicial capacity and the judge's actions were not made in a "clear absence" of jurisdiction." *Id.* at 356-57, 357 n.7, *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985). "This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Judge Ryskamp is clearly entitled to judicial immunity, so Plaintiff's complaint must be dismissed pursuant to § 1915A both for failure to state a claim for which relief can be granted and for stating a claim against someone who enjoys immunity from suit. First, sentencing a person convicted of a crime is unquestionably a judicial act. *See, e.g.*, *Weinberger v. U.S.*, 268 F.3d 346, 367 (6th Cir. 2001) ("Sentencing a defendant is a core judicial act."). Second, Judge Ryskamp clearly had subject matter jurisdiction over Plaintiff's criminal case, so he was acting within his jurisdiction. *Dykes*, 776 F.2d at 943 (holding that "a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability."). Accordingly, Plaintiff cannot state a claim for which relief can be granted against Judge Ryskamp.

Further, the United States also enjoys judicial immunity in this case. Under the FTCA, the "United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." 28 U.S.C. § 2674; *see also Tinsley v. Widener*,

150 F.Supp. 2d 7, 12 (D.D.C. 2001).  Therefore, the Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief can be granted and for asserting a claim of money damages against a party who enjoys immunity from suit.

The Court finds additional grounds to dismiss Plaintiff's Complaint, specifically the fact that this Court has no subject matter jurisdiction over this dispute.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The United States Government can only be sued if sovereign immunity is waived, and if the federal government enjoys sovereign immunity against a particular type of suit, the Court does not have subject matter jurisdiction over any claims of that type against the United States.  *Id*.  The FTCA is an explicit wavier of sovereign immunity and a limited grant of subject matter jurisdiction to federal courts to hear particular cases against the United States.

Plaintiff cannot assert a claim against an individual under the FTCA.  Instead of an individual, the "United States is liable under the FTCA to the same extent as private parties for torts of its employees acting within the scope of their employment."  *Alexander v. U.S.*, 605 F.2d 828, 830 (5th Cir. 1979); *see also* 28 U.S.C. § 2679(b)(1) ("The remedy against the United States. . .resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages . . . .").  The FTCA only grants an individual a right to sue the federal government; it does not provide a separate cause of action against an individual.  In other words, a government employee acting within the scope of his duties "is not an appropriate defendant under the limited waiver set forth in the FTCA." *Leroy v. Parker*, No. 07-054, 2007 WL 734396 at *2 (E.D. La. Mar. 5, 2007).  Therefore, Plaintiff cannot sue Judge Ryskamp under

4

the FTCA.

As for Plaintiff's suit against the United States, it must also fail. First, this Court lacks subject matter jurisdiction over Plaintiff's suit per 28 U.S.C. § 2680. Section 2680(a) states that the FTCA does not apply to any claims "based upon an act or omission of an employee of the Government, exercising due care. . .based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty. . .whether or not the discretion involved be abuse." A judge's sentencing decision is a discretionary function that fits squarely within this exception. *See Payton v. U.S.*, 679 F.2d 475, 490 n.25 (11th Cir. 1982) (Tjoflat, J., concurring in part and dissenting in part). Thus, because of this exception to the FTCA's coverage, the United States has not waived sovereign immunity, and the Court does not have jurisdiction to entertain Plaintiff's claim.

Likewise, § 2680(h), excepts from the FTCA "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." An exception to this exception exists for law enforcement officers. However, Judge Ryskamp is, by definition, not a law enforcement officer, because he is not "empowered by law to execute searches, to seize evidence or to make arrests for violations of Federal law." *Id.* Further, Plaintiff cannot, in good faith, amend his Complaint to allege that Judge Ryskamp is a law enforcement officer. Thus, the Court also lacks subject matter jurisdiction under this exception to hear Plaintiff's claims of false imprisonment and abuse of process.

Moreover, § 1346(b)(2) states, in pertinent part, that "[n]o person convicted of a felony who is incarcerated. . .while serving a sentence may bring a civil action against the United States

5

or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2).  Plaintiff states in the Complaint that he is currently incarcerated.  (Compl. ¶ 3.)  Plaintiff claims that he "has suffered from mental anguish, and this is generally as an element of damages in a personal injury action."  (Compl. ¶ 7.)  However, Plaintiff has made no showing that he has suffered any physical injury.  Thus, per § 1346(b)(2) this Court does not have subject matter jurisdiction over Plaintiff's claims against the United States.

The Court finds that allowing Plaintiff the opportunity to amend the allegations in his Complaint would be futile, as Judge Ryskamp and the United States both enjoy absolute immunity from civil suits in this matter.  Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint (DE 1) is **DISMISSED WITH PREJUDICE**.  The Clerk shall **CLOSE THIS CASE**.  Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of February, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record